# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 13-430V
Filed: October 2, 2017

```
*  *  *  *  *  *  *  *  *  *  *  *  *  *
TINA NOONAN,                          *        UNPUBLISHED
                                      *
            Petitioner,               *
v.                                    *        Decision on Attorneys' Fees and Costs
                                      *
SECRETARY OF HEALTH                   *
AND HUMAN SERVICES,                   *
                                      *
            Respondent.               *
*  *  *  *  *  *  *  *  *  *  *  *  *  *
```

*Danielle A. Strait, Esq.*, Maglio, Christopher, & Toale, PA, Seattle, WA, for petitioner.
*Justine E. Walters, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On June 27, 2013, Tina Noonan ("Ms. Noonan," or "petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that she received a hepatitis B vaccination on April 21, 2011, and thereafter suffered weakness and difficulty ambulating. Petitioner further alleges that she was subsequently diagnosed with demyelinating polyneuropathy. *See* Petition ("Pet."), ECF No. 1. On March 26, 2017, the parties filed a stipulation. Stipulation, ECF No. 66. On March 27, 2017, the undersigned issued a Decision awarding compensation to petitioner based on the parties' stipulation. *See* Decision, ECF No. 67.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On September 21, 2017, petitioner filed a Motion for Attorneys' Fees and Costs. Motion for Fees, ECF No. 73. Petitioner requests attorneys' fees in the amount of $45,034.40 and attorneys' costs in the amount of $42,649.94, for a total amount of $87,684.34. *Id.* at ¶ 3-4, 9. In accordance with General Order #9, petitioner's counsel represents that petitioner did not incur any out-of-pocket expenses. *Id.* at 6.

On September 25, 2017, respondent filed a response to petitioners' Motion for Fees. Response, ECF No. 74. Respondent provided no specific objection to the amount requested or hours worked, but instead, "respectfully recommend[ed] that the Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3. On September 25, 2017, petitioner filed a reply, submitting that "the fees and costs incurred by Petitioner are reasonable and should be awarded without reduction." Reply, ECF No. 75, at 5. This matter is now ripe for decision.

## I. Legal Framework

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1).

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "[t]he initial estimate of a reasonable attorney's fee" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id.* at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id.*

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *See Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

## II. Discussion

### A.    Reasonable Hourly Rate

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011)

(citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorney's fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id*. This is known as the *Davis County* exception. *See Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

In this case, the majority of counsel's work was performed in Washington, D.C. Therefore, forum rates apply in this case.

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

Danielle Strait was sworn into practice in the state of California in July 2010. Motion for Fees, Pet. Ex. 92 at ¶ 5. Because Ms. Strait has been practicing for seven years, the applicable range under *McCulloch* is $225 to $300 for 2015 and 2016, and $230 to $307 for 2017.[4] Ms. Strait requested rates of $295 for 2013 through 2015, $306 for 2016, and $320 for 2017. Motion for Fees, Pet. Ex. 92 at ¶ 13. Special Master Sanders recently determined that appropriate hourly rates for Ms. Strait for 2016 and 2017 were $300 and $307, respectively. *See Schultheis v. Sec'y of Health & Human Servs*. No. 13-781, 2017 WL 2825819 (Fed. Cl. Spec. Mstr. June 5, 2017); *Hogan on behalf of S.M.H. v. Sec'y of Health & Human Servs*., No. 13-780V, 2017 WL 3585648 (Fed. Cl. Spec. Mstr. Jul. 24, 2017). The undersigned finds Special Master Sanders' analysis to be well-reasoned, and is inclined to follow her approach. Ms. Strait is awarded the following hourly rates: $295 for work performed from 2013 to 2015, $300 for work performed in 2016, and $307 for work performed in 2017.

Additionally, 14 different paralegals worked on the instant matter. Motion for Fees, Pet. Ex. 89 at 24. They have requested a variety of hourly rates ranging from $95 to $145. Motion for Fees, Pet. Ex. 92 at ¶ 20. The undersigned finds that the paralegal hourly rates are reasonable.

**B.     Hours Reasonably Expended**

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health &*

---

[3] The fee schedules are posted on the Court's website. *See* Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule: 2015-2016*, http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf (last visited September 22, 2017); Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule: 2017*, http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2017.pdf (last visited September 22, 2017).

[4] *See supra* note 3.

*Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries."  *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016).  While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary.  *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015).  Clerical and secretarial tasks should not be billed at all, regardless of who performs them.  *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26.  Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate.  *See Scott v. Sec'y of Health & Human Servs.*, No. 08-756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases).  And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program."  *Matthews v. Sec'y of Health & Human Servs.*, No 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016).  Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  *Saxton*, 3 F.3d at 1522.  In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged.  *See Broekelschen*, 102 Fed. Cl. at 728-29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

Upon review of petitioner's application, the undersigned finds that a number of the hours billed were "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521.[5]  For example, there are billed tasks in which attorneys and/or paralegals performed administrative tasks such as reviewing and paying invoices, reviewing electronic notices, and making travel arrangements.[6]  Additionally, there are instances of duplicative billing, such as hours billed for "Receipt and Review of Status Conference Order" (duplicated for staff "BNS").[7]  Petitioner's application also contains entrees that are vague and do not provide the descriptive basis for determining reasonableness, such as hours billed for "Review of client file to see direction of the case."[8]  For these reasons, the undersigned finds that the requested $45,034.40 should be modified

---

[5] The following entries are examples and are not exhaustive; they merely provide a sampling.

[6] *See, e.g.*, Motion for Fees, ECF No. 73-1, Pet. Ex. 89 at 2, 3, 5, 8 ("Review and approve invoice for medical records"); *id.* at 14 ("Receipt and review of Order, update calendar and file accordingly"); *id.* at 5 ("Research travel options for client visit to Noonan and Tillman").

[7] *See, e.g.*, Motion for Fees, ECF No. 73-1, Pet. Ex. 89 at 18 ("Receipt and review of Status Conference Order. Calendar deadlines, update client file accordingly and notify attorney of the same"); *id.* ("Receipt and review of Status Conference Order. Calendar deadlines, update client file accordingly and notify attorney of the same").

[8] Motion for Fees, ECF No. 73-1, Pet. Ex. 89 at 3, 5, 13.

using the hourly rates as determined above to $44,875.20,[9] and then reduced by 10%. Accordingly, $40,387.68 is awarded in attorneys' fees.

**C.     Reasonable Costs**

Petitioner requested a total of $42,649.94 in attorneys' costs, including $4,006.07 in costs associated with obtaining medical records, $37,025.53 in expert fees, $687.58 in travel costs, $251.55 in shipping and mailing costs, and $119.21 in research costs. *See* Motion for Fees, ECF No. 73-2, Pet. Ex. 90. The undersigned finds petitioner's requested costs to be reasonable.

### III. Total Award Summary

Based on the foregoing, the undersigned **awards the total of $83,037.62**,[10] representing reimbursement for attorneys' fees in the amount of $40,387.68 and costs in the amount of $42,649.94, in the form of a check made payable jointly to petitioner and petitioner's counsel, Danielle Strait, Esq.  The Clerk of the Court is directed to enter judgment in accordance with this Decision.[11]

**IT IS SO ORDERED.**

<u>s/ Mindy Michaels Roth</u>
Mindy Michaels Roth
Special Master

---

[9] Attorneys' fees were reduced based on the difference in Ms. Strait's hourly rates for 2016 and 2017. 2016: 14.4 hours x [$306 (requested rate) - $300 (awarded rate)] = $86.4 reduction. 2017: 5.6 hours x [$320 (requested rate) - $307 (awarded rate)] = $72.8 reduction. Therefore, attorneys' fees have been reduced by $159.20.

[10] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[11] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.